**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **ALLEN RAY JOHNSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 05-CV-0006-CVE-PJC |
| ) | |
| **DR. PAUL JOHNSON;** ) | |
| **DR. MERLE CARTER;** ) | |
| **DEANN LEMMONS, R.N.;** ) | |
| **DR. JOANN RYAN; DR. KAMIL NEMRI;** ) | |
| **BRENDA FISHER, Counselor;** ) | |
| ) | |
| **Defendants.** ) | |

**OPINION AND ORDER**

Before the Court are Plaintiff's motions for preliminary injunction and to see a pain specialist (Dkt. #35), to compel production of documents (Dkt. #39 ), for appointment of counsel (Dkt. #40), and to renew his request for discovery (Dkt. #41). Defendants filed responses in opposition to Plaintiff's motion for preliminary injunction and motion to see a pain specialist (Dkt. #37), and to Plaintiff's motion to compel (Dkt. # 45).

As a preliminary matter, it has come to the Court's attention that Plaintiff has filed an amended complaint (Dkt. #38) without leave of court as required by Rule 15(a) of the Federal Rules of Civil Procedure.[1] Defendants have filed a motion for extension of time (Dkt. # 44) to answer the amended complaint. Plaintiff filed the amended complaint on June 8, 2005, almost six (6) weeks

---

[1] The Federal Rules of Civil Procedure restrict the filing of amended pleadings as follows:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a).

after Defendants filed their motion to dismiss/summary judgment (Dkt. #25) and after the submission of a Special Report (Dkt. #26). Therefore, the Court finds that Plaintiff's amended complaint (Dkt. # 38) shall be stricken and the Clerk of Court shall be directed to return the amended complaint to Plaintiff. Defendants' motion for extension of time to answer the amended complaint shall be declared moot.

## *1. Request for preliminary injunction and to see a pain specialist*

Plaintiff seeks an injunction requiring the Department of Corrections ("DOC") to provide him Lortabs "or some equivalent" pain medication. He further seeks an order from this Court to obtain an "appointment with Tulsa Pain Clinic, Ok. Med. Ctr. Extention [sic] Center, Tulsa or any pain specialist the Court would deem appropriate." Defendants respond that Plaintiff has rarely complained of pain or requested pain medication. In fact, Plaintiff's medical records indicate that he has frequently expressed that he was not in pain or discomfort. See Special Report, Attachments 14[2], 15, 18, 19, and 20. (Dkt. # 26). Contrary to Plaintiff's assertions that he has spent "over 10 months in hospitals and DOC infirmary" due exclusively to the "scald inflicted by the Defendants" the medical records contained in the Special Report indicate that Plaintiff's numerous medical problems stem from his diabetes, and not from the alleged scalding incident. Last, it is clear from the medical records that Plaintiff has received pain medication when needed.

To obtain an injunction, the party requesting the extraordinary remedy bears the burden of showing: 1) a substantial likelihood of prevailing on the merits; 2) irreparable harm unless the injunction is issued; 3) the threatened injury outweighs the harm that the preliminary injunction may

---

[2] The affidavit shown on attachment 14 indicates that one of Plaintiff's first requests for pain medication occurred twenty-two months after he allegedly scalded his foot and appeared to be written by someone other than Mr. Johnson. (Dkt. #26-15 at 2).

cause the opposing party; and 4) the injunction, if issued, will not adversely affect the public interest. Fed. Lands Legal Consortium v. United States, 195 F.3d 1190, 1194 (10th Cir. 1999). Applying these standards, the Court finds that Plaintiff has not demonstrated entitlement to an injunction. Furthermore, Plaintiff has not established that he is entitled to an order from this Court requiring a consultation with a pain specialist. The Court finds that Plaintiff's motion for preliminary injunction and motion to see pain specialist (Dkt. # 35) shall be denied.

### *2. Motion to compel discovery and renewed request for discovery*

Plaintiff has filed a motion to compel the production of certain photos relating to the alleged burn incident on February 3, 2003. (Dkt. #39). He has also filed a renewed request for discovery (Dkt. #41) in which he reiterates the need for the photographs. By Order entered in this case on May 20, 2005, the Court denied Plaintiff's request to stay proceedings to allow him to conduct discovery, finding:

> In their motion to dismiss/motion for qualified immunity, Defendants have asserted that they are entitled to qualified immunity. See Dkt. # 25. The doctrine of qualified immunity not only protects government officials from liability, but also from "the other burdens of litigation" which include "the burdens of broad reaching discovery." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). In this case, the Court finds that Defendants should be protected from the burden of the discovery proposed by Plaintiff until the Court rules on the question of qualified immunity. Should the Court determine that discovery is appropriate, the Court will issue a supplemental order authorizing discovery and specifically outlining the scope and extent of discovery, if any, that will be permitted.

(Dkt. #34 at 2). A ruling has not been made on the issue of qualified immunity and Plaintiff has not been authorized to conduct discovery. Accordingly, Plaintiff's motion to compel production of documents (Dkt. #39) and renewed motion for discovery (Dkt. #41) shall be denied.

*3. Second request for appointment of counsel*

On May 16, 2005, Plaintiff filed a motion for appointment of counsel. (Dkt. #30) which was denied by Order filed May 20, 2005. (Dkt. #34). His second request was filed June 13, 2005 (Dkt. #40). The Court has reviewed its prior ruling in light of the arguments presented by Plaintiff in his renewed motion. Finding no basis warranting reconsideration, the Court concludes the renewed request for appointment of counsel (Dkt. #40) should be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Plaintiff's "amended complaint" (Dkt. # 38) is **stricken**. The Clerk shall return the amended complaint to Petitioner.

2. Defendants' motion for extension of time (Dkt. # 44) to answer the amended complaint is **declared moot**.

3. Plaintiff's motion for preliminary injunction and to see a pain specialist (Dkt. # 35) is **denied**.

4. Plaintiff's motion to compel production of documents (Dkt. #39) and renewed motion for discovery (Dkt. #41) are **denied**.

5. Plaintiff's second motion for appointment of counsel (Dkt. # 40) is **denied**.

**IT IS SO ORDERED** this 16th day of June, 2005.

*(signature)*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT