**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ALLEN RAY JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-CV-0006-CVE-PJC |
| | ) |
| DR. PAUL JOHNSON; | ) |
| DR. MERLE CARTER; | ) |
| DEANN LEMMONS, R.N.; | ) |
| DR. JOANN RYAN; DR. KAMIL NEMRI; | ) |
| BRENDA FISHER, Counselor; | ) |
| DR. MIKE JACKSON, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Plaintiff, an inmate in state custody and appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging that the defendants were deliberately indifferent to his medical needs. See Dkt. # 55. Presently before the Court are the first motion to dismiss/motion for summary judgment filed by Defendants Paul Johnson, Merle Carter, Brenda Fisher, and DeAnn Lemmons (Dkt. # 25), and the second motion to dismiss/motion for summary judgment filed by Defendants Paul Johnson, Merle Carter, and DeAnn Lemmons (Dkt. # 56). Plaintiff filed a response to the second motion for summary judgment (Dkt. # 60) in which he included renewed requests for discovery, production of documents, and appointment of counsel. Also before the Court is a motion for protective order filed by Defendants Johnson, Carter, Fisher and Lemmons (Dkt. # 43). Defendants submitted a Special Report (Dkt. # 26) as directed by the Court. For the reasons stated below, the Court finds the second motion for summary judgment filed by Defendants Johnson, Carter and Lemmons shall be granted and all remaining motions and requests shall be declared moot.

## BACKGROUND

On January 5, 2005, Plaintiff initiated the instant civil rights action by filing a complaint (Dkt. # 1) and motion for leave to proceed *in forma pauperis* (Dkt. # 2). On April 26, 2005, Defendants Johnson, Carter, Lemmons and Fisher filed their first motion to dismiss/ motion for summary judgment (Dkt. # 25). On June 8, 2005, Plaintiff filed an amended complaint (Dkt. # 55), alleging that Defendants interfered with his constitutional rights as follows:

Count 1: Defendants Johnson and Lemmons violated DOC policy and "created a practice of deliberate indifference by directing untrained, uneducated inmates to perform medical task trained medical personnel need to perform, subjecting me to cruel and unusual punishment in violation of my 8th and 14th Amendment Rights."

Count 2: Defendant Carter did not send Plaintiff to a burn center, and failed to treat and diagnose Plaintiff's third degree burn and pain.

Count 3: Defendants Johnson and Carter subjected Plaintiff to needless pain and suffering by refusing to send Plaintiff to burn center or refer Plaintiff to a pain specialist, all in violation of Plaintiff's right to be free from cruel and unusual punishment and the 8th and 14th Amendments.

Plaintiff seeks actual damages of "$50,000 per defendant per count," punitive damages of $300,000, declaratory relief, injunctive relief, attorneys fees and nominal damages (Dkt. # 55 at 8). A second motion to dismiss/motion for summary judgment was filed on December 29, 2005 (Dkt. # 56).

In the second motion to dismiss/motion for summary judgment, Defendants Johnson, Carter and Lemmons assert that Plaintiff has failed to exhaust his administrative remedies under 42 U.S.C.§1997e for his Count One claim that untrained, uneducated inmates were utilized to perform medical procedures on Plaintiff (Dkt. # 56). Alternatively, they argue that Plaintiff's claims are without merit as Defendants were not deliberately indifferent to Plaintiff's serious medical needs. Defendants also assert that, as employees of DOC, they are entitled to qualified immunity. Insofar

as the Defendants acted in their official capacities, they assert immunity under the Eleventh Amendment. Defendants urge this Court to dismiss the lawsuit or grant them summary judgment on Plaintiff's claims in the amended complaint.

*ANALYSIS*

**A.    Exhaustion**

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), requires inmates to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. Booth v. Churner, 532 U.S. 731, 740-41 (2001); Yousef v. Reno, 254 F.3d 1214, 1216 n. 1 (10th Cir. 2001). "[T]he substantive meaning of § 1997e(a) is clear: resort to a prison grievance process must precede resort to a court." Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1207 (10th Cir. 2003) (internal quotation and citation omitted). In a § 1983 action, the burden is on the prisoner to sufficiently plead exhaustion of administrative remedies under §1997e(a), which includes supplying supporting information or documentation of the exhaustion of his prison grievance proceedings. Id. at 1209-10. In addition, "[a]n inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under [the] PLRA for failure to exhaust his administrative remedies." Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). Also, the PLRA contains a total exhaustion requirement, and "the presence of unexhausted claims in [a prisoner's] complaint require[s] the district court to dismiss his action in its entirety without prejudice." Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004). Defendants assert that Plaintiff has not exhausted his administrative remedies (Dkt. # 56 at 10). Plaintiff contends that he has exhausted his available administrative remedies and that he attached copies of all exhaustion

materials to his verified amended complaint (Dkt. # 60). Relevant grievance documents submitted by Plaintiff consist of the following:

1. Request to Staff dated 9-1-04 in which Plaintiff advises medical staff of his previous health problems, including diabetes, and requests a referral to a diabetes specialist and a podiatrist. (Dkt. # 55, Exh. A-3,4). Exhibit A-4 appears to be a continuation of Plaintiff's description of his medical problem on the Request to Staff. Plaintiff describes the whirlpool incident which occurred nineteen (19) months earlier as follows: "On Feb. 8, 2003, Doctors at (D-C-C-C) health services ordered whirlpool treatment for the blister on my big right toe. D-C-C-C Health Services nurse Tina Lee instructed an inmate orderly (Franklin) to prepare the whirlpool for my treatment. Nurse Rebecca makes, ordered me into the emergency treatment room, and advise me to put my left foot into the whirlpool. I did so. Nurse Rebecca turned whirlpool on and left the room. I recently discovered inmate was not trained to preform (sic) such treatment. After about two minute with left foot in the whirlpool I remove my foot from the whirlpool, my foot was totally red. I called for a nurse. I had received serious burns (scalded) due to the extremely high temperature of water in the whirlpool perpared (sic) by the untrained inmate orderly." (Dkt. # 55, Exh. A-4).

2. Inmate Grievance No. 2004-014 dated 9-16-04 complaining of deliberate indifference to serious medical needs. States that "medical staff scalded me on or about Feb. 8, 2003. Subsequent to this scalding I've now been advised my injuries are permanent." (Dkt. # 55, Exh. A-1,2).

3. Response to grievance No. 2004-014 dated 10-4-04 wherein reviewing authority, Defendant Lemmons, summarized Plaintiff's treatment to date, found Plaintiff's care "appropriately managed and adequate" and denied Plaintiff's grievance request for monetary damages. (Dkt. # 55, Exh. A-5).

4. Response by Dennis Cotner, Medical Services Administrator, to Plaintiff's appeal of grievance No. 2004-014, in which Cotner summarizes treatment provided to Plaintiff and reaffirms that money damages are not authorized by DOC. (Dkt. # 55, Exh. A-7).

Plaintiff has not provided any documents evidencing a grievance that Defendants Johnson and Lemmons were violating DOC policy and creating "a practice of deliberate indifference by directing untrained, uneducated inmates to perform medical tasks trained medical personnel need to perform." (See Dkt. # 55 at 5, Count I).

Defendants also supplied copies of the above described grievance documents in their Special Report. See Dkt. # 26, Attachment 2. In addition, Defendants provided copies of documents related to Plaintiff's grievance No. 2004-024 in which Plaintiff was asking for the brand name, manufacturer, serial number and other information about the whirlpool tub which he stated he needed for litigation. (Dkt. # 26, Attachment 3). Affidavits supplied by Defendants indicate that grievance Nos. 2004-014 and 2004-024 were the only two grievances, medical or administrative, filed by Plaintiff related to the issues in this lawsuit. Id. at Attachments 4,5.

Relying upon Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004), the Defendants seek summary judgment because Plaintiff has failed to exhaust his administrative remedies for each of his claims. Specifically, Defendants argue that the presence of Plaintiff's unexhausted count one claim requires the Court to dismiss the action in its entirety. Plaintiff responds that he has amended his complaint "to alleviate any unexhausted issues." Plaintiff also argues that the Ross case has been "trumped" by Rhines v. Weber, 544 U.S. 269 (2005). However, Rhines is easily distinguished from the instant case. In Rhines, the Supreme Court determined that a death row prisoner could have his habeas corpus case stayed in district court while he exhausted his claims in state court as required by 28 U.S.C. § 2254(b). The exhaustion requirement for habeas petitioners such as in Rhines is unrelated to the PLRA exhaustion requirement for prisoners as set forth in 42 U.S.C. § 1997e(a). The Rhines decision neither affects the PLRA exhaustion requirement which Plaintiff must satisfy, nor in any way "trumps" the Tenth Circuit's decision in Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004).

Upon careful review of all information and documentation provided by Plaintiff, including his amended complaint, exhibits to the amended complaint, and his response to Defendants' motion,

5

the Court finds that Plaintiff has failed to present any evidence demonstrating that he filed a grievance alleging any of the defendants violated DOC policy and "created a practice of deliberate indifference by directing untrained, uneducated inmates to perform medical task trained medical personnel need to perform." See Count I in amended complaint at Dkt. # 55. Accordingly, the Court finds that Plaintiff has failed to exhaust his administrative remedies for this issue as required by the PLRA. As a result, Defendants' motion for summary judgment based on failure to exhaust administrative remedies shall be granted and Plaintiff's amended complaint shall be dismissed without prejudice. See Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004). In light of this dismissal, Defendants' motion for protective order (Dkt. # 43) shall be declared moot. Further, the first motion to dismiss/motion for summary judgment (Dkt. # 25) shall also be declared moot.

The Court notes that Plaintiff reasserts his request for discovery and his motion to compel production of documents in his response to Defendants' motion (Dkt. # 60 at 2-3). He also seeks reconsideration of his request for appointment of counsel. Id. at 3. Those requests shall be declared moot.

**B.      Defendants JoAnn Ryan and Mike Jackson**

In a previous order filed December 16, 2005 (Dkt. # 54), the Court noted that Defendants JoAnn Ryan and Mike Jackson had not been properly served. Plaintiff was given an additional sixty (60) days to effect service of process on Defendants Ryan and Jackson. In light of the Court's ruling herein and the dismissal of Plaintiff's action, the issue of service on Defendants Ryan and Jackson has become moot.

**IT IS THEREFORE ORDERED** that:

1. Defendants' first motion to dismiss/motion for summary judgment (Dkt. # 25) is **declared moot**.

2. Defendants' second motion for summary judgment based on failure to exhaust administrative remedies (Dkt. # 56 ) is **granted**.

3. Defendants' second motion to dismiss (Dkt. # 56) and the motion for protective order (Dkt. # 43) are **declared moot**

4. Plaintiff's claims against all defendants are **dismissed without prejudice** for failure to exhaust administrative remedies.

5. Plaintiff's renewed requests for discovery, production of documents, and appointment of counsel contained within his response (Dkt. # 60) are **declared moot**.

6. A separate Judgment shall be filed in this matter.

**IT IS SO ORDERED** this 27th day of February, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT